## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WESTWIND IP LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**PNY TECHNOLOGIES, INC.,**<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Westwind IP LLC ("Plaintiff") files this original complaint against PNY Technologies, Inc. ("Defendant"), alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## PARTIES

1. Plaintiff is a limited liability company formed under the laws of the State of Texas.

2. Defendant is a company organized and existing under the laws of the state of Delaware, with its principal place of business at 100 Jefferson Road, Parsippany, NJ 07054. Defendant may be served via its registered agent, The Corporation Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

## JURISDICTION AND VENUE

3. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this District under 28 U.S.C. § 1400(b). Defendant is a resident of the forum state by virtue of its incorporation under the laws of the forum state and has committed acts of infringement within the forum state.

5.      This Court has personal jurisdiction over Defendant, in part because Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the District of Delaware that Defendant knew would be used within this District, and by soliciting business from the residents of the District of Delaware. For example, Defendant is subject to personal jurisdiction in this Court because, *inter alia*, and on information and belief, Defendant is a Delaware corporation and directly and through agents regularly does, solicits, and transacts business in the District of Delaware.

## THE '924 PATENT

6.      On March 25, 2003, United States Patent No. 6,538,924 ("the '924 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Semiconductor Integrated Circuit."  Attached hereto as Exhibit A.

7.      The '924 Patent is valid and enforceable under United States Patent Laws.

8.      Plaintiff is the owner of the '924 Patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '924 patent against infringers, and to collect damages for all relevant times.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,538,924

9.      Plaintiff repeats and realleges the allegations of paragraphs 1 through 9 as if fully set forth herein.

10.     Defendant, without authority from Plaintiff, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale semiconductor integrated circuits including the PNY CS1311 SATA SSD, PNY CS3030 NVMe SSD, and PNY Pro Elite USB (the "Accused Products") which directly infringe the '924 Patent under 35 U.S.C. § 271(a).

11.     The Accused Products infringe at least claim 12 of the '924 Patent.

12. For example, the Accused Products infringe claim 12 of the '924 Patent. They are semiconductor circuit systems in which a first semiconductor device (e.g., NAND Flash Memory) and a second semiconductor device (e.g., Memory controller) which can access a storage included in said first semiconductor device are mounted on a single printed wiring board, wherein said storage includes a volatile memory (e.g., registers) and a nonvolatile memory (e.g., NAND Flash cell), said first semiconductor device further comprises: a plurality of first input terminals (e.g., CLE, ALE etc.) for receiving a plurality of control signals; and a plurality of second input terminals for receiving a plurality of address signals (e.g., DQ0, DQ1 etc.), each of a first command (e.g., Set Features) for controlling said volatile memory and a second command (e.g., Page Program) for controlling said nonvolatile memory is specified by signals supplied to said plurality of first input terminals and one or more signals supplied to one or more of said plurality of second input terminals, and a code (e.g., $CE0^{*}=0$, $CLE=1$, $ALE=0$, $RE^{*}=1$ on rising edge of $WE^{*}$) of said plurality of control signals is common to said first command (e.g., Set Features) and said second command (e.g., Page Program), and said one or more signals supplied to one or more of said plurality of second input terminals for said first command (e.g., Set Features) and that for said second command are different from each other (e.g., Page Program). *See* Ex. A-1 at Figs. 1-7.

13. Plaintiff has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Plaintiff in an amount that adequately compensates Plaintiff for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

14. Plaintiff and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

    A. that judgment be entered that Defendant has infringed at least one or more claims of the '924 Patent, directly and/or indirectly, literally and/or under the doctrine of equivalents;

    B. an award of damages sufficient to compensate Plaintiff for Defendant's infringement under 35 U.S.C. § 284, including an enhancement of damages on account of Defendant's willful infringement;

    C. that the case be found exceptional under 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees;

    D. costs and expenses in this action;

    E. an award of prejudgment and post-judgment interest; and

    F. such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all issues triable by jury.

Respectfully submitted,

Dated: January 28, 2021

| | |
|---|---|
| OF COUNSEL:<br>Hao Ni (Pro Hac Vice to be submitted)<br>Ni, Wang & Massand, PLLC<br>8140 Walnut Hill Ln. Ste. 500<br>Dallas, TX 75231<br>(972) 331-4600<br>hni@nilawfirm.com | CHONG LAW FIRM PA<br><br>*/s/ Jimmy Chong*<br>Jimmy Chong (#4839)<br>2961 Centerville Road, Suite 350<br>Wilmington, DE 19808<br>Telephone: (302) 999-9480<br>Facsimile: (877) 796-4627<br>Email: chong@chonglawfirm.com<br><br>**ATTORNEY FOR PLAINTIFF**<br>**WESTWIND IP LLC** |