IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WESTWIND IP LLC, | |
| Plaintiff, | |
| v. | C.A. No. 21-114-LPS |
| PNY TECHNOLOGIES, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## DEFENDANT PNY TECHNOLOGIES, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant PNY Technologies, Inc. ("Defendant" or "PNY") hereby files its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Westwind IP LLC's ("Plaintiff" or "Westwind") Complaint for Patent Infringement ("Complaint"). PNY denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

## PARTIES

1.    PNY is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2.    PNY admits that it is a corporation organized and existing under the laws of Delaware and that it maintains a principal place of business at 100 Jefferson Road, Parsippany, NJ 07054.

---

[1] To avoid doubt, PNY denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

## JURISDICTION AND VENUE

3.      PNY admits that the Complaint purports to set forth an action for patent infringement under Title 35 of the United States Code §§ 101 et seq., but PNY denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. PNY admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of a patent, but PNY denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. PNY denies any remaining allegations in Paragraph 3 of the Complaint.

4.      PNY does not contest that venue may be proper in this District in this case, but denies that venue is convenient as to PNY in this case. PNY admits that it is a resident of the forum state by virtue of its incorporation under the laws of Delaware. PNY denies that it has committed or is committing acts of infringement in this District or anywhere else. PNY denies Plaintiff is entitled to any relief. PNY denies any remaining allegations in Paragraph 4 of the Complaint.

5.      PNY does not contest whether this District has personal jurisdiction over it for the purposes of this case and admits that it has conducted business in this District, but PNY denies it has committed or is committing acts of infringement in this District or anywhere else. PNY denies any remaining allegations in Paragraph 5 of the Complaint.

## THE '924 PATENT

6.      PNY admits that a purported copy of U.S. Patent No. 6,538,924 ("the '924 Patent") is attached to the Complaint as Exhibit A. PNY is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Complaint, and on that basis, denies all such allegations.

7.      PNY denies the allegations in Paragraph 7 of the Complaint.

8.      PNY is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and on that basis, denies all such allegations.

## COUNT I- [ALLEGED] INFRINGEMENT OF U.S PATENT NO. 6,538,924

9.      PNY incorporates by reference each of its responses set forth in Paragraphs 1-8 above as if fully set forth herein.

10.     PNY admits that it has made, had made, used, imported, provided, supplied, distributed, sold, or offered for sale products marketed as PNY CS1311 SATA SSD, PNY CS3030 NVMe SSD, and PNY Pro Elite USB. PNY denies the remaining allegations in Paragraph 10 of the Complaint.

11.     PNY denies the allegations in Paragraph 11 of the Complaint.

12.     PNY denies the allegations in Paragraph 12 of the Complaint.

13.     PNY denies the allegations in Paragraph 13 of the Complaint.

14.     PNY denies the allegations in Paragraph 14 of the Complaint.

## PRAYER FOR RELIEF

To the extent that a response is required to Plaintiff's prayer for relief, PNY denies that Plaintiff is entitled to any judgment against PNY and/or an order granting relief in any of the forms requested in parts (A)–(F).

## JURY DEMAND

PNY is not required to provide a response to Plaintiff's demand for a jury trial.

## AFFIRMATIVE DEFENSES

PNY's Affirmative Defenses are listed below. PNY reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

### FIRST AFFIRMATIVE DEFENSE

PNY has not infringed and does not infringe, either directly or indirectly, under any theory of infringement, any valid, enforceable claim of the '924 Patent ("the Asserted Patent").

### SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the Asserted Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff, any predecessors in interest, or any licensees to the Asserted Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that PNY's actions allegedly infringe the Asserted Patent, PNY is not liable to Plaintiff for the acts alleged to have been performed before PNY received actual notice that it was allegedly infringing the Asserted Patent.

### FOURTH AFFIRMATIVE DEFENSE

The claims of the Asserted Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by PNY.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that PNY makes, uses, or sells any product or service embodying each claimed element of any asserted claim, or that PNY directs or controls another entity to make, use, or sell any element that is not made, used, or sold by PNY.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that PNY infringes, either directly or

indirectly, under any theory of infringement, any valid and enforceable claim of the Asserted Patent.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering its reasonable attorneys' fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that PNY indirectly infringes, either by contributory infringement or induced infringement, PNY is not liable to Plaintiff for the acts alleged to have been performed before PNY knew that its actions would cause indirect infringement.

## NINTH AFFIRMATIVE DEFENSE

Should PNY be found to infringe any valid, enforceable claim of the Asserted Patent, such infringement was not willful.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the '924 Patent against PNY is barred by one or more of the equitable doctrines of estoppel, acquiescence, waiver, and unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C §§ 286 and/or 287.

## PNY'S COUNTERCLAIMS

For its counterclaims against Counterclaim Defendant Westwind IP LLC ("Counterclaim Defendant"), Counterclaim Plaintiff PNY Technologies, Inc. ("PNY") alleges as follows:

## PARTIES

1.      PNY Group, Inc. is a corporation organized under the laws of Delaware, having a principal place of business at 100 Jefferson Road, Parsippany, NJ 07054.

2.      Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Counterclaim Defendant, Counterclaim Defendant is a Texas limited liability corporation.

## JURISDICTION

3.      PNY incorporates by reference Paragraphs 1-2 above.

4.      These counterclaims arise under the patent laws of the United States, Title 35 of the United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5.      Based solely on Counterclaim Defendant's filing of this action, Counterclaim Defendant has consented to the personal jurisdiction of this Court.

6.      Based solely on Counterclaim Defendant's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I
## DECLARATION REGARDING NON-INFRINGEMENT

7.      PNY incorporates by reference Paragraphs 1–6 above.

8.      Based on Counterclaim Defendant's filing of this action and at least PNY 's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether PNY infringes U.S. Patent No. 6,538,924 (the "'924 Patent" or the "Asserted Patent").

9.      PNY does not infringe at least Claim 12 of the '924 Patent because, *inter alia*, the PNY CS1311 SATA SSD, PNY CS3030 NVMe SSD, and PNY Pro Elite USB (the "Accused Products") do not comprise "A Semiconductor circuit system in which a first semiconductor device and a second semiconductor device which can access a storage included in said first semiconductor device are mounted on a single printed wiring board" "wherein said storage includes a volatile memory and a nonvolatile memory," and where the first semiconductor device comprises: (1) "a plurality of first input terminals for receiving a plurality of control signals," (2) "a plurality of

second input terminals for receiving a plurality of address signals," (3) "each of a first command for controlling said volatile memory and a second command for controlling said nonvolatile memory is specified by signals supplied to said plurality of first input terminals and one or more signals supplied to one or more of Said plurality of second input terminals," and (4) "a code of said plurality of control signals is common to said first command and said second command, and said one or more signals supplied to one or more of said plurality of second input terminals for said first command and that for said second command are different from each other." *See* '924 Patent, Claim 12.

10.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, PNY requests a declaration by the Court that PNY has not infringed and does not infringe, either directly or indirectly, under any theory of infringement, any claim of the '924 Patent.

<u>**COUNT II**</u>
<u>**DECLARATION REGARDING INVALIDITY**</u>

11.     PNY incorporates by reference Paragraphs 1–10 above.

12.     Based on the filing of this action and at least PNY's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Asserted Patent.

13.     The claims of the '924 Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent No. 5,890,192.

14.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., PNY requests a declaration by the Court that the claims of the '924 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## **PRAYER FOR RELIEF**

WHEREFORE, PNY asks this Court to enter judgment in PNY's favor and against Counterclaim Defendant by granting the following relief:

a)      a declaration that PNY does not infringe any valid claim of the Asserted Patent that may be enforceable;

b)      a declaration that the Asserted Patent is invalid;

c)      a declaration that Counterclaim Defendant take nothing by its Complaint;

d)      judgment against Counterclaim Defendant and in favor of PNY;

e)      dismissal of the Complaint with prejudice;

f)      a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to PNY of its costs and attorneys' fees incurred in this action; and

g)      further relief as the Court may deem just and proper.

## **JURY DEMAND**

PNY hereby demands trial by jury on all issues.

8

Dated: April 21, 2021                    FISH & RICHARDSON P.C.

By: */s/ Jeremy D. Anderson*
     Jeremy D. Anderson (No. 4515)
     222 Delaware Avenue, 17th Floor
     Wilmington, Delaware 19801
     (302) 658-5070 (Telephone)
     (302) 652-0607 (Facsimile)
     janderson@fr.com

     Neil J. McNabnay
     David B. Conrad
     Sarika N. Patel
     1717 Main Street, Suite 5000
     Dallas, Texas 75201
     (214) 747-5070 (Telephone)
     (214) 747-2091 (Facsimile)
     mcnabnay@fr.com; conrad@fr.com;
     patel@fr.com

     **ATTORNEYS FOR DEFENDANT**
     **PNY TECHNOLOGIES, INC.**